UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
John Rivera, on behalf of himself and all others similarly situated;

                              Plaintiff,

          -against-

United Parcel Service,

                            Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

## NATURE OF ACTION

Plaintiff worked as a warehouseman in the Defendant's shipping facility. The Defendants willfully committed violations of 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA") and the New York Labor Law ("NYLL") by failing to pay Plaintiff for all hours worked, to keep accurate time records, and by failing to pay the Plaintiff overtime and regular hourly wages. When Plaintiff complained about this unlawful conduct, the Defendants retaliated against Plaintiff by terminating Plaintiff's employment. Accordingly, Plaintiff brings this action to recover lost wages due to Defendants' retaliation, unpaid wages, liquidated damages, statutory penalties and interest, and reasonable attorney fees and costs from the Defendants.

## JURISDICTION AND VENUE

1. This action arises under 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA").

2. This Court has jurisdiction under 28 U.S.C. §1331, and 29 U.S.C. § 216.

3. Plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367.

4. The venue is proper in the Southern District of New York under 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

## THE PARTIES

5. Plaintiff John Rivera ("Plaintiff") resides in Yonkers, New York.

6. Defendant United Parcel Service ("Corporate Defendant" or "UPS") is a corporation doing business at 555 Tuckahoe Road, Yonkers, N.Y 10710. This compliant is intended to inure to the business entity operating the UPS facility at the aforementioned location, and the UPS facility located at 545 Brush Avenue, Bronx, N.Y 10465.

1

## BACKGROUND FACTS

7. Corporate Defendant is an "employer" under the FLSA.

8. Corporate Defendant is an "employer" under the NYLL.

9. During any period of time whatsoever between November 4, 2019, through January 18, 2020, Corporate Defendant had the ability to perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the Plaintiff's wage rate, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

10. Corporate Defendant is involved in an industry affecting commerce within the meaning of the FLSA.

11. Corporate Defendant's annual revenues exceed $500,000 for the year 2020.

12. Corporate Defendant's annual revenues exceed $500,000 for the year 2019.

13. On information and belief, Corporate Defendant regularly purchases goods from locations outside the State of New York and utilizes such products within the State of New York.

14. The business activities of the Corporate Defendant are related and performed through unified operation or common control for a common business purpose.

15. The Corporate Defendant engages in a combination of different activities in the course of its business operation, including but not limited to: (1) advertising, (2) bookkeeping, (3) managing employees, (4) selling, and (5) purchasing supplies (jointly as the "Related Activities").

16. The Corporate Defendant has an organizational structure whereby there is an individual, or group of individuals, who control the Related Activities.

17. Corporate Defendant failed to keep accurate and sufficient payroll and time records, as required by law.

18. During the Relevant Time Period, Corporate Defendant did not record the Plaintiff's exact daily work start time and exact daily work end time.

19. Corporate Defendant did not maintain sufficient payroll and time records to determine the weekly pay and hours worked by the Plaintiff.

20. The Plaintiff was an employee of the Corporate Defendant during the Relevant Time Period.

21. The Plaintiff was not an independent contractor while performing services for Corporate Defendant during the Relevant Time Period.

22. Corporate Defendant provided all of the equipment and material for the Plaintiff to perform his job.

23. Corporate Defendant treated the Plaintiff as a "W-2" wage earner.

24. Corporate Defendant set the Plaintiff's work schedule and method and rate of pay.

25. Corporate Defendant assigned the Plaintiff the specific job duties to which he had to perform.

26. The Plaintiff was not free to hire other employees to work in his place to perform his job duties for Corporate Defendant.

27. Plaintiff never had any ownership interest in Corporate Defendant and never invested capital into Corporate Defendant.

**PLAINTIFF JOHN RIVERA:**

28. Plaintiff started working for Corporate Defendant on November 4, 2019.

29. Plaintiff stopped working for Corporate Defendant on January 18, 2020.

30. Corporate Defendant employed Plaintiff as a warehouse worker.

31. Plaintiff performed work for Corporate Defendant during the 2020 calendar year.

32. Plaintiff performed work for Corporate Defendant during the 2019 calendar year.

33. Corporate Defendant promised John that his regular hourly wage would be $14.00 per hour.

34. Corporate Defendant failed to comply with the provisions of 12 NYCRR §146-2.3 by failing to provide Plaintiff with an accurate paystub each week that the Plaintiff was paid by Defendants.

35. Corporate Defendant did not provide Plaintiff with an accurate statement of wages with each payment of wages that set forth Plaintiff's hours worked and the rate of pay.

36. Corporate Defendant failed to provide Plaintiff with a written notice of pay rate that set forth the tip credit and rates of pay that Corporate Defendant was using to compensate Plaintiff.

37. Every day John was required to report to work around 12:45 am.

38. John worked approximately 5 days a week for the Defendant.

39. Before he would punch in for work, UPS required that he wait in a line for security to do a security check. He would have to wait approximately 15 minutes before he could enter the facility. John was not paid for this time.

40. Once he arrived at the facility, UPS required him to register in the time clock for work. He punched into work at 1:00 am. Once he punched into work he would begin working. However, UPS's time clock was set to start at 1:30 am. UPS was not paying John for the time worked between when he punched in and the time the clock was set to start recording work hours. Generally, about 30 minutes each workday.

41. Occasionally, UPS mandated that John work on Saturdays, but UPS did not pay him for all his hours worked on Saturday. On about 10 Saturdays of work, John was told to punch out, but to continue to work for 4 more hours. This equates to 40 hours of unpaid overtime.

42. UPS failed to pay John for 45 minutes of work each workday due to the time clock error and

waiting time.

43. UPS failed to pay John approximately 40 hours of unpaid overtime wages.

44. UPS failed to pay John approximately 2.5 hours of call in pay.

45. John and his coworkers complained about these practices to their supervisors- JB, Gabriele, Shannon, and Mike (a building manager who took over for Joe Pride). They complained about every two days. Additionally, John and his coworkers complained that UPS failed to provide them with lunch breaks and general 15-minute breaks as required by the New York Labor Law. However, their supervisors never addressed the issue and continued the practice. John and his coworkers were told that UPS would adjust the paychecks to get the overtime and pay in their paycheck, but never did. So, John kept complaining that he has kids and needs the money. But, the supervisors kept giving him the run around. Eventually, John called the UPS hotline number to complain about these infractions, but UPS did nothing to correct these violations.

46. On January 17, 2020, Corporate Defendant unlawfully fired Plaintiff. Gabrielle, Joe Pride, and JB told the temporary workers to report to UPS facility at Brush avenue in the Bronx to start as a part time. However, on Monday, January 20, 2020, Gabrielle and Joe Pride told John that he was laid off and all the seasonal people that they were laid off. John spoke up and said how are we laid off when they were told to report to Brush Avenue. However, pointed to all the employees who complained about unpaid wages and told them to get off the property because they were fired.

47. All allegations alleged herein by Plaintiffs are alleged on behalf of the FLSA Class and NY Class defined in this Complaint, as amended.

## FLSA COLLECTIVE ACTION ALLEGATIONS

### Fair Labor Standards Collective Class Definition

48. Plaintiff bring each cause of action set forth herein as a collective action on behalf of the following class of potential opt-in litigants:

    **All current and former warehouse employees who were employed by united Parcel Service in any workweek in the past three years ("FLSA Class").**

49. Plaintiff reserves the right to redefine the FLSA Class prior to class certification and thereafter, as necessary.

50. Plaintiff brings this lawsuit under 29 U.S.C §216(b) as a collective action on behalf of the FLSA Class defined above.

51. Plaintiff desires to pursue Plaintiff's FLSA claims on behalf of any individuals who opt-in to this action under 29 U.S.C. §216(b).

52. Plaintiff and the FLSA Class are "Similarly Situated", as that term is used in 29 U.S.C.§216(b), because, inter alia, all such individuals worked as warehouse employees under the Defendants' previously described common pay practices, and because of such practices,

4

they were not paid the full and legally-mandated wages for hours worked and overtime premiums. Resolution of this action requires inquiry into common facts, including, inter alia, the Defendants' common compensation, timekeeping and payroll practices.

53. Specifically, the Defendants typically paid Plaintiff and the FLSA Class by not paying for waiting time pay when the employees were required to enter into the facility and programing the time clock to begin tracking work hours after the employees already started working. By these acts, each employee was underpaid by approximately 45 minutes every day, which impacted overtime rates.

54. The Similarly-Situated employees are known to the Defendants, are readily identifiable, and may be located through the Defendants' records and the records of any payroll company that the Defendant uses. The Defendants employ FLSA Class Members in the State of New York. These similarly-situated employees may be readily notified of this action through direct U.S mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the collective adjudication of their claims for overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

## NEW YORK STATE CLASS ACTION ALLEGATIONS

### New York State Class Definition

55. Plaintiffs bring each cause of action of this lawsuit as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

    **All current and former warehouse employees who were employed by united Parcel Service in any workweek in the past three years (the "New York Class").**

56. Plaintiff reserves the right to redefine the New York Class prior to class certification and thereafter, as necessary

57. Plaintiff brings this action as a class action under Fed. R. Civ. P. 23 on behalf of himself and the New York Class defined above.

58. On information and belief, the members of the New York Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 40 members of the New York Class.

59. Plaintiff will fairly and adequately represent and protect the interests of the New York Class because there is no conflict between the claims of Plaintiffs and those of the New York Class, and Plaintiffs' claims are typical of the claims of the New York Class. Plaintiff's counsel is competent and experienced in representing multi-plaintiff wage and hour claims such as this one.

60. There are questions of law and fact common to the proposed New York Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether the Defendants have violated and continue to violate the laws of New York through its policy or practice of not paying its employees for all hours worked.

61. Plaintiff's claims are typical of the claims of the New York Class in the following ways, without limitation: (a) Plaintiff is a member of the New York Class, (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the New York Class, (c) Plaintiff's claims are based on the same legal and remedial

theories as those of the New York Class and involve similar factual circumstances, (d) there are no conflicts between the interests of Plaintiff and the New York Class members; and (e) the injuries suffered by the Plaintiff are similar to the injuries suffered by the New York Class members.

62. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual Class Members.

63. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New York Class is readily identifiable from the Defendants' own employment records. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendants.

64. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New York Class members, while substantial, are not great enough to enable them to maintain separate suits against the Defendant. Each individual class member might not have substantial enough damages to justify private counsel bringing an individual claim on behalf of such individual class member. Accordingly, this is the type of case and the type of circumstances for which Rule 23 was enacted.

65. Without a class action, the Defendant will retain the benefit of its wrongdoing, which will result in further damages to the Plaintiff and the New York Class. Plaintiff envisions no difficulty in the management of this action as a class action

### FIRST CAUSE OF ACTION
**(Failure to pay wages)**
**NY Lab. Law §191**

66. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

67. Under NY Lab. Law §191, an employer is required to pay an employee within one week of the services performed by the employee.

68. Defendants failed to pay Plaintiff his wages as required by NYLL §191 by not paying wages within the statutory time-period.

69. Because of Defendants' unlawful withholding of wages, Plaintiff suffered harm.

**SECOND CAUSE OF ACTION**
**(Failure to provide wage notices)**
**(NY Lab. Law §198(1-b) & NY Lab. Law §198(1-d))**

1. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

2. Under the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiff with a required notice containing the following information:

    i. the rates or rates of pay and basis thereof,

    ii. whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

    iii. the regular pay designated by the employer per NYLL §191;

    iv. the name of the employer;

    v. Any "doing business as" names used by the employer;

    vi. The physical address of the employer's main office or principal place of business, and a mailing address, if different;

    vii. The telephone number of the employer

3. Defendants willfully failed to furnish Plaintiff with an accurate statement of wages as required by NYLL §195(3), containing the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by hour, shift, day, week, salary, piece, commission, or other; gross wages; hour rate or rates of pay, and overtime rates of pay; the number of hours worked, including overtime hours; deductions, allowances, and net wages.

4. Due to Defendants' violation of NYLL §195(1), Plaintiff is entitled to recover from Defendants liquidated damages of $50 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-b).

5. Defendants failed to provide Plaintiff an accurate statement with each payment of wages that sets forth Plaintiff's hours worked, rates of pay, gross wages, credits claimed (for tips, meals, and lodging) if any, deductions and net wages.

6. Due to Defendants' violation of NYLL §195(3), Plaintiff is entitled to recover from Defendants liquidated damages of $250 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-d).

**THIRD CAUSE OF ACTION**
**(Unlawful Retaliation)**
**(NY STATE)**
**NY Lab. Law §215**

7. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

8. The provisions of NY Lab. Law §215 apply to the Defendants and protect the Plaintiff.

9. Under NY Lab. Law §215, the Defendants were prohibited from unlawfully retaliating against Plaintiff for complaining about the Defendants violations of the New York Labor Law.

10. The Defendants unlawfully terminated Plaintiff for complaining about the Defendants unlawful pay practices as set forth in this Complaint.

11. By the Defendants' conduct, Plaintiff is entitled to recover lost wages, liquidated damages, attorney fees, costs, and pre-judgement and post-judgement interest from the Defendants.

**FOURTH CAUSE OF ACTION**
**(Unlawful Retaliation)**
**(Federal- 29 USC §215)**

12. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

13. The provisions of 29 U.S.C. §215 apply to the Defendants and protect the Plaintiff.

14. Under 29 U.S.C. §215, the Defendants were prohibited from unlawfully retaliating against Plaintiff for complaining about the Defendants violations of the New York Labor Law.

15. The Defendants unlawfully terminated Plaintiff for complaining about the Defendants unlawful pay practices as set forth in this Complaint.

16. By the Defendants' conduct, Plaintiff is entitled to recover lost wages, liquidated damages, attorney fees, costs, and pre-judgement and post-judgement interest from the Defendants.

**FIFTH CAUSE OF ACTION**
**(Failure to pay overtime)**
**(Federal- 29 USC 201 et. seq.)**

17. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

18. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

19. Defendants failed to pay the Plaintiff overtime wages to which Plaintiff was entitled under the FLSA and the supporting Federal Regulations.

20. Because of Defendants' unlawful acts, Plaintiff has been deprived of overtime

compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

21. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendant have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

22. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SIXTH CAUSE OF ACTION
### (Failure to pay overtime)
### (NY STATE)

23. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein..

24. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect the Plaintiff.

25. Defendants failed to pay the Plaintiff overtime wages to which Plaintiff was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

26. By the Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked over 40 hours per workweek, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

27. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

## SEVENTH CAUSE OF ACTION
### (Failure to pay minimum wages)
### (NY STATE)

1. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein..

2. The minimum wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect the Plaintiff.

3. Defendants failed to pay the Plaintiff call in wages to which Plaintiff was entitled under the NYLL and 12 NYCRR §142-2.3 of the supporting New York State Department of Labor Regulations.

4. By the Defendants' knowing or intentional failure to pay Plaintiff call in wages for working less than 4 hours in a day to which Plaintiff was required to report to work, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

5. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid call in pay wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A. Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

B. Unpaid wages pursuant to NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

C. Unpaid wages pursuant to NYLL §191 and an additional and equal amount as liquidated damages pursuant to the NYLL;

D. Reimbursement of all lost wages and benefits pursuant to 29 U.S.C. §215 and NY Lab. Law. §215 and an additional amount as liquidated damages pursuant to the NYLL and FLSA.

E. Statutory damages equal to $50 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provided a wage notice according to NYLL §198(1-b);

F. Statutory damages equal to $250 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provided a statement of wages pursuant to NYLL §198(1-d);

G. Pre-judgment interest and post-judgment interest;

H. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.,* NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

I. Reasonable attorney fees and costs of the action;

J. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

    Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:   White Plains, New York
           September 17, 2020

EL-HAG & ASSOCIATES, P.C

*Jordan El-Hag*

Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com
